David Herbert,
against
Margaret Maranga, Respondent-Tenant-Appellant and Adam Oyunge, Respondent-Undertenant- Appellant, and "John and/or Jane Doe," Respondents-Undertenants.




Respondents Margaret Maranga and Adam Oyunge appeal from a final judgment of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered May 15, 2019, after a nonjury trial, which awarded possession to petitioner in a holdover summary proceeding.




Per Curiam.
Final judgment (Sabrina B. Kraus, J.), entered May 15, 2019, reversed, with $30 costs, and a final judgment awarded in favor of respondents dismissing the petition, without prejudice. 
Petitioner, the sole owner of a condominium apartment, sought possession of the premises from his former paramour, respondent Margaret Maranga, and their son, respondent Adam Oyunge, based on the termination of an oral month-to-month tenancy. The evidence at trial showed that Adam was born as the result of an affair between petitioner and Maranga. When Adam was about four years old, Maranga needed a larger apartment and wanted to live in a neighborhood that had a good public school for Adam to attend. As a result, petitioner, who never resided with respondents, purchased the Third Avenue apartment at issue.
Both petitioner and Maranga testified as to their respective versions of an oral agreement permitting respondents to occupy the apartment. The trial court credited substantially petitioner's testimony that the parties' agreed that petitioner would purchase the subject condominium "in lieu of paying child support" so that respondents could reside there until Adam turned 21 years of age or "old enough to be on his own." Since Adam was 21 years old at the time of trial, the court awarded petitioner possession.
Exercising our authority to review the record developed at a the nonjury trial (see [*2]Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 494, 499 [1983]), and accepting the court's fully supported findings of fact and credibility, including its finding that petitioner agreed that respondents "could live in the subject premises until [Adam] was emancipated," we find that Civil Court should have dismissed the proceeding as premature. Adam had not yet turned 21 when this proceeding was commenced and petitioner offered insufficient evidence at trial that Adam was "old enough to be on his own." In the circumstances presented, the petition was prematurely commenced and should have been dismissed without prejudice. Since Adam has since turned 21 years of age, our disposition is without prejudice to any future proceeding. We reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2019